Tyson M. Mott, Esq.
Senior Counsel & VP of Corporate Administration
5 Walnut Grove, Suite 350
Horsham, Pennsylvania 19044
Phone: (267) 942-6000
Fax: (267) 281-1206
Tyson.Mott@answernet.com

November 6, 2025

*<u>Via Email Only</u>*

The Honorable Judge Gerald J. Pappert
11614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106
Chambers_of_Judge_Pappert@paed.uscourts.gov

   <u>RE:</u> <u>**REQUEST FOR EXTENSION**</u>
      <u>**Nock v. AnswerNet, Inc., dba TPV.com**</u>
      <u>**Docket No. 25-mc-00026-GJP**</u>

Honorable Judge Pappert:

  On October 27, 2025, Petitioner ("Robert Nock") filed a Motion for an Order Finding Respondent ("AnswerNet, Inc. dba TPV.com") in Contempt along with a memorandum and additional documentation related thereto (collectively the "Motion for Contempt") in the above-referenced action. Respondent did not receive actual service of the Motion for Contempt in accordance with Federal Rule of Civil Procedure 5(a)(1)(D).

  Despite a comprehensive review of Respondent's Counsel's email inbox and spam folder, notice received by Respondent's counsel to the registered email addresses on PACER (i.e., tyson.mott@answernet.com and legal@answernet.com) was not received, nor did Petitioner serve Respondent apart from the PACER ECF system. Moreover, the "legal@answernet.com" email address is an internal distribution list utilized by Respondent to distribute emails sent to the address to two (2) additional members of Respondent's legal department. The two (2) additional members on such distribution list advised Respondent's Counsel that neither member received notice of Petitioner's filing either. Respondent did not learn of the Motion for Contempt until November 4, 2025 when Petitioner's counsel casually, and without direct reference, in its email correspondence regarding a separate but related action filed in the U.S. District Court for the

Northern District of California attached a copy of Petitioner's Memorandum in Support of the Motion for Contempt. The delay in service prejudices Respondent's ability to timely and comprehensively respond to the Motion for Contempt as Respondent contends that it has made numerous good faith inquiries, meet and confers, responses to requests for clarifications, and one supplemental production.

In accordance with Section II.B of your Honor's Policies and Procedures, I respectfully ask your Honor to extend Respondent's deadline to file a response to Petitioner's Motion for Contempt. Pursuant to Rule 7.1(c) of the Local Rules of the Eastern District of Pennsylvania, a party typically has fourteen (14) days from the date of service to respond to a motion. E.D. Pa. Civ. R. 7.1(c). Federal Rule of Civil Procedure 6(b)(1) provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." USCS Fed Rules Civ Proc R 6. This rule gives the Court broad discretion to extend deadlines when good cause is shown and the request is made before the original deadline expires. In this case, good cause exists for granting an extension due to the delay in service of the Motion for Contempt. Respondent was not formally served but only became aware of the motion on November 4, 2025, despite it being filed on October 27, 2025.

On November 6, 2025, Respondent requested that Petitioner's counsel approve an abbreviated extension until November 14, 2025. Petitioner's counsel did not respond to the request at the time the instant letter was sent to chambers. Accordingly, Respondent's counsel respectfully asks that your Honor grant the within request for extension by entering the enclosed proposed Order.

           Respectfully submitted,

           *Tyson M. Mott*

           Tyson M. Mott, Esq.
           Attorney ID. No. 315885
           Counsel for Respondent

TMM/jak
cc: Ethan Preston (ep@eplaw.us)
  Jacob Ginsburg (jginsburg@creditlaw.com)