IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT NOCK,<br><br>   *Petitioner,*<br><br> v.<br><br>ANSWERNET, INC., *doing business as* TPV.COM,<br><br>   *Respondent.* | No. 25-mc-26 |

## ORDER

**AND NOW**, this 17th day of December 2025, upon consideration of Petitioner Robert Nock's Motion for an Order Finding Respondent in Contempt, (Dkt. No. 11), Respondent TPV.com's Response, (Dkt. No. 14), Petitioner's Reply, (Dkt. No. 15), and after hearing oral argument by the parties, (Dkt. No. 19), it is **ORDERED** that Nock's motion is **DENIED**.[1]

---

[1] Contempt means "[c]onduct that defies the authority or dignity of a court or legislature. Because such conduct interferes with the administration of justice, it is punishable, usu[ally] by fine or imprisonment." *Contempt*, Black's Law Dictionary (11th ed. 2019). TPV is in civil contempt if: (1) a valid court order existed; (2) TPV had knowledge of it; and (3) TPV disobeyed the order. *F.T.C. v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010). There must be "clear and convincing evidence" to establish these elements and any ambiguities must be resolved in TPV's favor. *See John T. v. Del. Cnty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003). Civil contempt "is a 'severe remedy, and should not be resorted to where there is fair ground of doubt as to the wrongfulness of the defendant's conduct.'" *First Niagara Risk Mgmt., Inc. v. Kolongowski*, 16-0719, 2017 WL 660855, at *5 (E.D. Pa. Feb. 17, 2017) (quoting *Cal. Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618 (1885)).

 Nock has not shown by clear and convincing evidence that TPV disobeyed the Court's order. Resolving ambiguities in TPV's favor, its explanation during the hearing for its positions establishes a "fair ground of doubt as to the wrongfulness" of its conduct. Counsel for the parties articulated reasonable positions in support of their arguments and they should sensibly resolve their discovery dispute without further involvement from the Court. The issue of whether TPV's knowledge may be imputed on Indra is for the District Court of Maryland to decide.

BY THE COURT:

***/s/ Gerald J. Pappert***
Gerald J. Pappert, J.